UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rebecca Williams, et. al.,

    Plaintiff,

v.                                          Case No. 13-10817

Saxon Mortgage Services, Inc.,        Honorable Sean F. Cox
                                                   Magistrate Judge Michael Hluchaniuk

    Defendants.
_____/

## ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This is a home loan modification case. Plaintiffs Rebecca and Stephen Williams[1] ("Plaintiffs" or "Williamses"), on behalf of a purported class, allege that Defendant Saxon Mortgage Services, Inc. ("Defendant" or "Saxon") breached the parties' contract ("TPP") by failing to offer them a permanent home mortgage modification as agreed in the TPP.

Defendant filed its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 7, 2013. (Doc. #6). On June 11, 2013, this Court referred that motion to Magistrate Judge Michael J. Hluchaniuk for Report & Recommendation ("R&R") pursuant to 28 U.S.C. 636(b)(1)(B). (Doc. #7). The motion has been fully briefed by the parties.

On January 13, 2014, Magistrate Judge Hluchaniuk issued his R&R (Doc. #22), wherein he recommended that this Court grant in part and deny in part Defendant's motion. Defendant timely filed objections to the January 13, 2014 R&R (Doc. #23) and Plaintiff responded to Defendant's

---

[1] The Williamses' interests are technically being pursued by their Trustee in Bankruptcy because they filed for Chapter 7 protection after this case was filed.

objections. (Doc. #24).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  "The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  FED. R. CIV. P. 72(b)(3).

**Defendant's Objections**

Defendant objects to Magistrate Judge Hluchaniuk's finding that Plaintiffs have stated a valid breach of contract claim in several respects.  Specifically, Defendant claims that Magistrate Judge Hluchaniuk erred in concluding that 1) the TPP obligates Saxon to modify the Williamses' loan; 2) the Plaintiffs' claim is not a "back-door" attempt at creating a private cause of action under HAMP; 3) Saxon is a proper party to the TPP.

### 1) Magistrate Judge Hluchaniuk did not err in finding that the TPP obligated Saxon to modify the Williamses' loan.

Defendant objects to Magistrate Judge Hluchaniuk's conclusion that the TPP obligated it to modify the Williamses' mortgage on three grounds.  First, Defendant argues that Magistrate Judge erred in not following *Polk v. Countrywide Fin. Corp.*, 2012 WL 2952389 (E.D. Mich. July 19, 2012) and *Pennington v. HSBC Bank USA*, 493 Fed. App.x 548 (6th Cir. 2012).  The Magistrate Judge distinguished both of those cases on the basis that  the TPP did not create a binding contract because it was not signed and returned to the plaintiff.  Defendant claims that was error because "those cases still analyzed the text of the TPP in determining the scope of the agreement" and found that the TPP's language would not require the lender to permanently modify the plaintiff's loan.

(Def.'s Obj. at 5).

The Court finds this objection without merit. As the Magistrate Judge explained, Defendant's signature on the TPP constituted an offer to modify Plaintiffs' loan if Plaintiffs complied with the terms of the trial period and if all of Plaintiff's representations about their financial situation continued to be true at the end of the trial period. Plaintiffs allege that all three of those events took place, yet Defendant failed to offer them a permanent modification of their mortgage. This objection is denied.

Next, Defendant argues that the Magistrate Judge incorrectly interpreted the TPP and, therefore, erroneously held that Plaintiffs stated a valid claim for breach of the TPP. The Court finds that this objection is also without merit. Defendant offers no authority for its interpretation of the TPP, whereas the Magistrate Judge cites two cases supporting his finding that the TPP required Defendant to send written notice to Plaintiffs if they did not qualify for permanent modification. (*See* R&R p. 32-33). Moreover, the Court agrees with the Magistrate Judge's well-reasoned analysis on the issue. This objection is denied.

### 2) Magistrate Judge Hluchaniuk did not err in finding that Plaintiff's claim is not a "back-door" attempt at a HAMP private cause of action.

Defendant objects to the Magistrate Judge's finding that "Plaintiff's breach of contract claim is not precluded as a 'back-door effort' to enforce HAMP" (R&R at 20) because the Plaintiffs' alleged injury and damages arise solely from HAMP guidelines. (Def.'s Obj. at 8-9).

In his January 13, 2014 R&R Magistrate Judge Hluchaniuk cites to cases decided by this and other courts that have all rejected Defendant's argument. (R&R at 20) (collecting cases). Defendant raised this particular issue in its opening brief, and the Magistrate Judge properly considered and rejected it. Plaintiff's claim is not merely an attempt at creating a private cause of

3

action for HAMP violations.

Defendant also reiterates its argument that it is entitled to share the United States' sovereign immunity because it is a government contractor. Defendant argues that Magistrate Judge Hluchaniuk dismissed this argument as "novel" without evaluating the rationale on which it is based.

The Court finds Defendant's objection without merit and agrees with Judge Hluchaniuk's conclusion. Defendant assumes, without establishing, that Saxon is a "government contractor" that might be entitled to share in the government's immunity in the way Saxon proposes. Moreover, Defendant did not cite to any case law supporting its theory that mortgage servicers, obligated by Servicer Participation Agreements to administer HAMP guidelines, enjoy immunity from wrongdoing. Without more, this argument is not well taken. The Court denies Defendant's objection.

### 3)   Magistrate Judge Hluchaniuk did not err in holding that Saxon is a party to the TPP.

Defendant next objects to Magistrate Judge Hluchaniuk's conclusion that Saxon is a party to the TPP contract and, thus, a proper party to this case. (Def.'s Obj. at 10). Defendant claims that, as shown on the face of the document, the TPP exists exclusively between the Williamses and the Lender, which is the Bank of New York Mellon. (Def.'s Obj. at 11).

As Plaintiff points out, Magistrate Judge Hluchaniuk cites persuasive case law that unequivocally supports the proposition that "a TPP is a contract between a homeowner and a mortgage servicer." *Markle v. HSBC Mortg. Corp.*, 844 F. Supp. 2d 172, 183 (D. Mass 2011). Additionally, Magistrate Judge Hluchaniuk's R&R indicates that a majority of courts agree with Plaintiff's position, having held that the TPP is a contract enforceable against a mortgage servicer

like Saxon. (R&R p. 22) (collecting cases). This Court agrees with Magistrate Judge Hluchaniuk that *Gilchrist v. Saxon Mortg. Servs.*, 2013 WL 1091112 (Ohio Ct. App. Mar. 14, 2013) is not persuasive, considering that it is an Ohio state court case involving a motion for summary judgment.

Further, Magistrate Judge Hluchaniuk's conclusion also relies on his finding that Saxon's conduct (i.e. its numerous communications and representations to Plaintiffs) strongly indicates that it was a party to the contract and a proper party to this suit. (R&R at 22-23). Defendant does not challenge this reasoning. The Court denies Defendant's objection.

Therefore, the Court hereby ADOPTS the January 13, 2014 R&R. IT IS ORDERED that:

1) The Williamses are DISMISSED as parties to this action;

2) Plaintiffs' MCPA and FDCPA claims (Counts III and IV) are DISMISSED WITH PREJUDICE;

3) Defendant's Motion is DENIED in all other respects.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 26, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

5